UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM COLLINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-1545 (ABJ) |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff has brought a civil suit alleging that the District of Columbia failed to return property that belongs to him and that was seized during the execution of a series of search warrants.[1] Plaintiff, who is proceeding *pro se*, neither specifies the nature of his federal claim nor identifies the grounds for this Court's jurisdiction over the property dispute. But he asks that the Court accord him "due process." In an effort to construe the complaint liberally, this Court reads it as bringing a claim against the District of Columbia under 42 U.S.C. § 1983, alleging a violation of rights protected under the Fifth Amendment to the United States Constitution, specifically, protection against the "depriv[ation] of . . . property[] without due process of law." U.S. CONST. amend. V.

This matter is now before the Court on the District of Columbia's motion for a more definite statement [Dkt. #6], its motion to dismiss or, in the alternative, for summary judgment

---

[1] Plaintiff initially named Officer Holden as the defendant, but on September 15, 2011 [Dkt. #3], the Court substituted the District of Columbia as the proper party to be sued.

1

[Dkt. #10], and plaintiff's motion for summary judgment [Dkt. #12].[2]  For the reasons discussed below, the District's motions will be granted, plaintiff's motion will be denied, and this action will be dismissed.

## I.  BACKGROUND

It appears that officers of the Metropolitan Police Department ("MPD") executed search warrants issued by the Superior Court of the District of Columbia at plaintiff's former residence at 1430 Saratoga Avenue N.E., Apt. #5, in Washington, DC.  *See* Compl. at 2.

### 1.  November 2006

MPD officers obtained the first warrant on November 22, 2006, to search plaintiff's residence for "[d]rug packaging materials, scales, cutting scales, cutting . . . tools, books, records, receipts, ledger, talley [sic] sheets, notebooks, bank statements, money drafts, proof of residence and any other violation(s) of law."  Compl., Ex. A (Search Warrant 06 CRWSLD 3642) (exhibit number designated by the Court).  Officers executed the warrant on the same day, and seized marijuana, a scale, currency ($310.00), and "mail matter," among other personal property.  *See id.*

Defendant has informed the Court that the United States Attorney's Office has released the money "because it is not necessary as evidence," and that the District's Office of the Attorney General "is not seeking civil forfeiture of this money."  Mem. of P. & A. in Supp. of Def. District of Columbia's Mot. to Dismiss or for Summ. J. ("Def.'s Mem.") at 4.  Counsel further has stated that "plaintiff may now claim this money at the MPD property office."  *Id.*

---

[2]  The District of Columbia filed a motion for a more definite statement because plaintiff's complaint and exhibits offered so few details with respect to the alleged seizure on July 19, 2007, that "it was impossible for the District to investigate" the claim, Mem. of P. & A. in Supp. of Def.'s Mot. for a More Definite Statement at 4, or "to prepare its defense or possibly arrange for the return of plaintiff's money," *id.* at 5.  The motion will be granted.

The Court has not been informed as to whether plaintiff has been able to avail himself of his opportunity.

### 2. December 2006

MPD officers obtained a second search warrant, also for evidence related to drug trafficking, on December 22, 2006. Compl., Ex. B (Search Warrant 06 CRWSLD 4029) (exhibit number designated by the Court). Upon its execution, the officers seized marijuana, a scale, and currency, among other property. *Id.*, Ex. B. Although the search warrant return does not indicate the amount of currency seized, plaintiff has alleged that officers seized $675.00. *See id.* at 2. Plaintiff also referred to a "December, 2006 warrant 06 CRWLD 4027," Pl.'s Resp. to Mot. for More Definite Statement at 2, and to a "December[] 28[,] 2006 warrant," *id.* at 3.[3]

The MPD appears to have no record of a seizure of $675.00 from plaintiff at any time during the month of December 2006. *See* Def.'s Mem., Reading Aff. ¶¶ 4-9. Rather, defendant's counsel represents that MPD officers seized only $147.00 on December 27, 2006, Def.'s Mem. at 5, and that the money had been held for civil forfeiture on the belief that the currency represented "profits from illegal sales of narcotics," *id.*, Ex. 1 (Property Record, Property Control No. 215967). Of this amount, defendant avers that the MPD returned $125 to plaintiff in cash, *id.*, Ex. 2 (Chain of Custody form), and initiated the process for issuing plaintiff a check for the remaining $22.00, *id.*, Ex. 3 (Revenue Refund Voucher).

### 3. July 2007

Lastly, plaintiff alleges a "seizure without a search warrant" on July 19, 2007, during which MPD officers seized $175.00 from him. Compl. at 2; *see* Pl.'s Resp. to Mot. for More

---

[3]   It is unclear whether there is a typographical error in the warrant number (such that plaintiff intends to refer to the warrant obtained on December 22, 2006 (Search Warrant 06 CRWSLD 4029)), or whether plaintiff alleges that another warrant was obtained and executed on or about December 28, 2006.

Definite Statement at 3.  The complaint offers no additional factual allegations with respect to the July 19, 2007 seizure.  Review of exhibits to the complaint, however, suggests that plaintiff was arrested on July 19, 2007 and charged with distribution of crack cocaine.  *See* Compl., Ex. F (Narcotics & Special Investigations Division PD-256 Quick Booking Form).  A search of plaintiff's person and the seizure of currency may have occurred incident to his arrest.  It appears that the drug charge was dropped, and that plaintiff was released from custody on or about July 20, 2007.  *Id.*, Ex. G (No Paper Slip).[4]

## II. DISCUSSION

Plaintiff demands "the return of [his] money and mail matter seize[d] and $2700 as damages to help repair [his] credit card rating that was hurt due to these seizures."  Compl. at 3.  He asks this Court "to review this case and . . . [help him] to retrieve [his] money and give [him] 'due process.'"  *Id.*  Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff fails to state a constitutional claim upon which relief can be granted.  *See* Def.'s Mem. at 5-7.[5]

---

[4] The No Paper Slip identifies the criminal defendant as "William Cave."  Compl., Ex. G. Plaintiff explains that he changed his name from William Franklin Cave to William Hugh Nicholas Collington in July 1996.  *Id.*, Ex. H (Order for Change of Name).

[5] Arguing that "all monies due plaintiff have been returned or can be claimed" by him, Def.'s Mem. at 5, defendant also moves for summary judgment.  Its motion is deficient in two respects, however.  Defendant relies on exhibits which have not been authenticated, *see Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (stating that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment"), and an affidavit based on hearsay, *see Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (concluding that the non-moving party's "affidavit . . . consisting entirely of inadmissible hearsay, is not sufficient to defeat summary judgment").  Plaintiff's motion for summary judgment also is deficient.  It makes few factual allegations and cites to no particular parts of materials in the record in support thereof as Fed. R. Civ. P. 56(c)(1)(A) requires, and plaintiff attaches neither a supporting memorandum of law nor a statement of material facts as to which there is no genuine issue as Local Civil Rule 7 requires.  Both of the parties' motions for summary judgment will therefore be denied.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal,* the Supreme Court reiterates the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S. Ct. at 1949.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' 'that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  Most important for this case, the Supreme Court instructs that a pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint "is construed liberally in [plaintiff's] favor, and [the Court should] grant [plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept

plaintiff's legal conclusions.  *See id.*; *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). The Court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

"[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) (emphasis in original)).  The District of Columbia, then, is subject to liability under Section 1983 only "when an official policy or custom causes the [plaintiff] to suffer a deprivation of a constitutional right," *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986), and that policy or custom must itself be the moving force behind the alleged constitutional violation, *id.* (citing *Monell*, 436 U.S. at 694); *see also Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

In *Baker v. District of Columbia*, 326 F.3d 1302 (D.C. Cir. 2000), the Court of Appeals explained that a district court assessing a § 1983 complaint must ask two questions.  First, the Court asks whether the complaint states a claim for a predicate constitutional violation.  To satisfy that prong of the analysis, all that need be established is some constitutional harm

suffered by the plaintiff; it is not necessary that the municipality's policy makers be implicated. *Id.* at 1306. In this case, it is unclear whether a seizure made pursuant to a duly authorized search warrant could be deemed to be a constitutional violation, But ven if the District's failure to return some or all of the property violated the plaintiff's constitutional rights in some way, plaintiff has failed to allege sufficient facts to establish the critical second prong of the municipal liability analysis.

The second question to be answered when assessing the sufficiency of a §1983 claim is: does the complaint state a "claim that a custom or policy of the municipality caused the violation"? *Id.* The law is clear that the Court must determine whether a plaintiff has alleged this "affirmative link" between the policy and the injury; the municipal policy must be alleged to be the "moving force" behind the violation. *Id.*

The Court liberally construes a complaint filed by a *pro se* litigant, and holds it to a less stringent standard than is applied to a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). There is no heightened pleading standard in a civil rights case alleging municipal liability for a civil rights violation, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and a complaint "need not plead law or match facts to every element of a legal theory," *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (citations omitted). "Nevertheless, [a] Complaint must 'include some factual basis for the allegation of a municipal policy or custom.'" *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 29 (D.D.C. 2007) (quoting *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996)). And, as other Courts in this district have concluded, the fact that the case arises under §1983 does not relieve plaintiff of his obligation to satisfy the criteria established in *Iqbal* and *Twombly*. *Smith v. District of Columbia*,

674 F. Supp. 2d 209, 214, n.2 (D.D.C. 2009) (sufficiency of a plaintiff's allegations of *Monell* liability must be tested under the standards set out in *Iqbal* and *Twombly)*.[6]

Regardless of the circumstances under which plaintiff's money was seized, the complaint sets forth no factual allegations regarding the existence and enforcement of a municipal policy, custom or practice that directly caused a violation of his Fifth Amendment right to due process. This pleading defect is fatal, and plaintiff's sole federal claim will be dismissed.[7] Accordingly, the District's motion to dismiss will be granted. An Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: December 14, 2011

---

[6] *See also Canas v. City of Sunnyvale*, No. 08-5771, 2011 WL 1743910, at *5-6 (N.D. Cal. Jan. 19, 2011) ("Other than alleging that the officers' EMT training was inadequate enable them to assist the Decedent after he was shot, Plaintiffs do not explain in detail how the City's alleged policies or customs are deficient, nor do they explain how the alleged policies or customs caused harm to Plaintiffs and the Decedent. At most, the allegations permit the Court to infer a mere possibility of misconduct on behalf of the City.") (internal quotation marks and citations omitted); *In re Dayton*, --- F. Supp. 2d ---, No. 09-8140, 2011 WL 2020240, at *10-11 (S.D.N.Y. Mar. 31, 2011) ("[T]he Amended Complaint states that the City of Middletown has, on information and belief, "negligently failed to properly administer its agencies[,] departments [,] personnel[,] and the like in regard to the maintenance, design, supervision and control over those accused and detained . . . ." This boilerplate recitation of the elements of a *Monell* claim is insufficient to survive a motion to dismiss.") (internal citations omitted); *Santiago v. City of New York*, No. 09-856, 2009 U.S. Dist. LEXIS 75372, at *7 (E.D.N.Y. Aug. 18, 2009) ("It is questionable whether the boilerplate *Monell* claim often included in many § 1983 cases, including this one, was ever sufficient to state a claim upon which relief could be granted. *See Smith v. City of New York*, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (holding that a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss).

[7] To the extent that the complaint can be said to raise a claim under common law or a District of Columbia statute, this Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3). This dismissal is without prejudice to any motions or state law claims the plaintiff may choose to bring in the Superior Court of the District of Columbia.